**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EMMA LE BOW,

      Plaintiff,

v.                                                                                  No. CV 19-758 MV/CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** is before the Court on Plaintiff Emma Le Bow's *Motion to Reverse or Remand Administrative Agency Decision and Memorandum in Support* (the "Motion"), (Doc. 15), filed January 23, 2020; Defendant Commissioner Andrew Saul's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 19), filed April 23, 2020; and Ms. Le Bow's *Reply to Defendant's Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Reply"), (Doc. 22), filed May 11, 2020.

Ms. Le Bow filed an application for disability insurance benefits on August 15, 2016, alleging disability beginning July 12, 2016. (Administrative Record "AR" 98, 186). In her application, Ms. Le Bow claimed she was unable to work due to a stroke and hypothyroidism. (AR 211). She indicated that her stroke caused the following symptoms: aphasia, a limited ability to move, short-term memory loss, and an inability to drive, follow simple directions, and lift over ten pounds. (AR 211).  Ms. Le Bow's application was denied initially on February 17, 2017, and upon reconsideration on

1

September 27, 2017. (AR 81, 116). Shortly thereafter, Ms. Le Bow requested a hearing before Administrative Law Judge ("ALJ") Stephen Gontis, which was held on July 27, 2018. (AR 42).

At the hearing, Ms. Le Bow appeared before ALJ Gontis with her attorney Michael Liebman and impartial Vocational Expert ("VE") Melissa Brassfield. (AR 42). On November 1, 2018, ALJ Gontis issued his decision, finding Ms. Le Bow not disabled at any time between her alleged onset date, July 12, 2016, through the date of his decision. (AR 30). Ms. Le Bow requested review by the Appeals Council, which was denied, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. (AR 1-2, 183-184).

In her Motion, Ms. Le Bow argues the following errors require remand: (1) the ALJ failed to specify the weight given to psychological consultative examiner Robert Krueger, Ph.D.; (2) the ALJ failed to adequately consider third-party statements from Ms. Le Bow's mother; (3) the ALJ improperly discounted Ms. Le Bow's subjective complaints; and (4) the ALJ's step 5 finding is not supported by substantial evidence. (Doc. 15 at 19-23).

On June 10, 2020, United States District Judge Martha Vazquez referred this matter to the undersigned to review ALJ Gontis's decision, conduct legal analysis and recommend an ultimate disposition. (Doc. 27). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ committed a harmful legal error, the Court **RECOMMENDS** Ms. Le Bow's Motion be **GRANTED** and this case **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

2

### I.    Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g) (2018), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its

examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (alteration made) (internal quotation marks omitted).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c (a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *see also Grogan*,

---

1.       20 C.F.R. pt. 404, subpt. P, app. 1.

399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## III.    Background

In her application for disability insurance benefits, Ms. Le Bow alleged she was limited in her ability to work due hypothyroidism and the residual effects of a stroke. (AR 211). At step one, the ALJ determined Ms. Le Bow had not engaged in substantial gainful activity since her alleged onset date. (AR 19). At step two, the ALJ found Ms. Le Bow had the following severe impairments: acquired brain injury; chronic liver disease; thyroid disorder; anxiety; depression; and post-traumatic stress disorder ("PTSD"). (AR 19). At step three, the ALJ determined Ms. Le Bow's impairments did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 20). The ALJ then found Ms. Le Bow had the RFC to perform "less than a full range of light work" with the following additional limitations:

> [She] can occasionally climb ramps and stairs[,] but never climb ladders, ropes and scaffolds; can occasionally balance, stoop, crouch, kneel and crawl. [She] can never work at unprotected heights, never around moving mechanical parts, and can occasionally work operating a motor vehicle. [She] is limited to performance of simple, routine tasks, can frequently respond appropriately to supervisors, and co-workers, and can occasionally respond appropriately to the public. She is able to occasionally deal with changes in the work setting; and [she] is able to tolerate few changes in a routine work setting, defined as few changes. [Her] time off task could be accommodated by normal breaks and lunch.

(AR 22).

In formulating Ms. Le Bow's RFC, the ALJ stated he considered Ms. Le Bow's

symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. (AR 22). In addition, the ALJ stated he considered opinion evidence consistent with the requirements of 20 C.F.R. § 404.1527. (AR 22). The ALJ concluded that some of Ms. Le Bow's impairments could be expected to cause her alleged symptoms, but he found the intensity, persistence, and limiting effects Ms. Le Bow described were not entirely consistent with the evidence in the record. (AR 23).

As for the opinion evidence, the ALJ found that a letter written by Ms. Le Bow's counselor, J. Callaway, did not "hold significant evidentiary weight." (AR 25).  Next, the ALJ discussed Dr. Krueger's examination and opinion. (AR 26). The ALJ further discussed and afforded "significant weight" to the examination and opinion of neurologist Michael Baten M.D., and he gave "moderate weight" to the opinions of the state agency physical and psychological consultants. (AR 26-28). Finally, the ALJ gave little weight to statements from Ms. Le Bow's mother. (AR 28).

At step four, the ALJ found Ms. Le Bow was unable to perform her past relevant work as a caseworker, nursery schoolteacher, and waitress. (AR 28). At step five, the ALJ determined Ms. Le Bow had at least a high school education and could communicate in English. (AR 29). Relying on the VE's testimony, the ALJ found that considering Ms. Le Bow's age, education, work experience, and assessed RFC, she could perform other work as an office helper, mail clerk, and housekeeping cleaner. (AR 29-30). After finding Ms. Le Bow was able to perform other work existing in significant numbers in the national economy, the ALJ concluded she was "not disabled," as defined by 20 C.F.R. § 404.1520(g), and ended his analysis at step five. (AR 30). Ms. Le Bow

requested review of the decision by the Appeals Council. (AR 183-184). The Appeals Council affirmed the ALJ's denial of Ms. Le Bow's application for disability benefits. (AR 1-2).

## IV.    Analysis

Ms. Le Bow presents four arguments in her Motion. (Doc. 15 at 19-23). First, Ms. Le Bow alleges the ALJ erred in failing to specify the weight accorded to Dr. Krueger's opinion. *Id.* at 19-20. Second, Ms. Le Bow argues the ALJ failed to adequately consider third-party statements from Ms. Le Bow's mother. *Id.* at 20-21. Third, Ms. Le Bow asserts the ALJ improperly discounted her subjective complaints. *Id.* at 21-22. Finally, Ms. Le Bow contends the ALJ's step 5 finding is unsupported by substantial evidence. *Id.* at 23.

In response, the Commissioner contends the ALJ's decision is well-reasoned and supported by substantial evidence and therefore should be affirmed. (Doc. 19 at 1-2). In particular, the Commissioner acknowledges the ALJ failed to explicitly weigh Dr. Krueger's opinion, but contends this is a harmless error. *Id.* at 8. Next, the Commissioner maintains the ALJ considered statements from Ms. Le Bow's mother and reasonably concluded her statements deserved little weight. *Id.* at 11. Finally, the Commissioner argues the ALJ properly considered Ms. Le Bow's subjective symptoms and provided valid reasons for discounting her allegations. *Id.* at 9-11.

### a.    *The ALJ's Consideration of Dr. Krueger's Opinion*

In her first argument for remand, Ms. Le Bow asserts the ALJ failed to expressly assign weight to Dr. Krueger's opinion, an omission that constitutes a harmful legal error. (Doc. 15 at 19). Thus, according to Ms. Le Bow, the "Court cannot meaningfully review…Dr. Krueger's opinion because there is no finding to review." *Id.* In

his Response, the Commissioner admits the ALJ failed to expressly weigh Dr. Krueger's

opinion. (Doc. 19 at 8). Yet, the Commissioner contends this is a harmless error

because "read as a whole, [the decision] makes it plain that the ALJ rejected" a more

restrictive portion of Dr. Krueger's opinion while adopting the remaining portions. *Id.*

According to the Commissioner, this conclusion is evident by the ALJ's RFC

assessment, which is consistent with Dr. Krueger's opinion except in one portion. *Id.*

Further, the Commissioner asserts this conclusion is supported by the ALJ's recitation

of evidence and other findings that conflict with this portion of Dr. Krueger's opinion. *Id.*

at 8-9.

Although ALJs need not discuss every piece of evidence, they are required to

discuss the weight assigned to each medical source opinion. *See Keyes-Zachary v.*

*Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. §§ 404.1527(c), 416.927(c).[2]

As part of this analysis, the Regulations set forth the following factors ALJs must

consider when assessing the value of each medical opinion:

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,
> including the treatment provided and the kind of examination or testing
> performed; (3) the degree to which the physician's opinion is supported by
> relevant evidence; (4) consistency between the opinion and the record as
> a whole; (5) whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927(c); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01

(10th Cir. 2003) (the "§ 404.1527 factors"). While not every factor will be applicable in

each case, the ALJ must at least provide an explanation that is "sufficiently

---

2.    These regulations apply because Ms. Le Bow's application was filed prior
to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

specific to [be] clear to any subsequent reviewers." *Langley*, 373 F.3d at 1119 (citation omitted). Additionally, "if the RFC assessment conflicts with an opinion from a medical source the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7.

The Tenth Circuit has held that an ALJ's failure to expressly assign weight to an opinion is harmless where the ALJ was "sufficiently specific" in her discussion such that the court could "ascertain the weight given and the reasons for that weight." *Oceguera v. Colvin*, 658 F. App'x 370, 374 (10th Cir. 2016) (unpublished). Similarly, the Tenth Circuit has also found an omission of assigned weight harmless where the opinion in question is consistent with the ALJ's RFC. *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014). Specifically, the *Mays* court stated such an error was harmless "because giving greater weight to [the opinion] would not have helped [the claimant]." *Id.* (quoting *Keyes-Zachary*, 695 F.3d at 1161) (internal quotation marks omitted).

In Ms. Le Bow's decision, the ALJ provided a lengthy discussion of Dr. Krueger's examination and opinion. (AR 26). The ALJ described Dr. Krueger's findings in Ms. Le Bow's mental status presentation, her daily activities, and results from intelligence testing. (AR 26). The ALJ also provided a detailed rendering of Dr. Krueger's opinion, including his opinion Ms. Le Bow "may have" marked limitations in maintaining pace and persistence, and traveling distant places alone. (AR 26). The remaining portions of Dr. Krueger's opinion proscribed a range of mild to moderate limitations. (AR 26). While the ALJ was thorough in his recitation of Dr. Krueger's examination and opinion, both parties agree the ALJ failed to expressly state the weight he afforded Dr. Krueger's opinion. *See* (Doc. 15 at 19) (Doc. 19 at 8).

Apart from a recitation of Dr. Krueger's findings and opinion, the ALJ provided no

analysis or evaluative inquiry of Dr. Krueger's opinion. (AR 26). As a result, this Court can neither "ascertain the weight given" to Dr. Krueger's opinion nor "the reasons for that weight." *Oceguera*, 658 F. App'x 370 at 374. In addition, the ALJ's failure to provide a rationale for rejecting the conflicting portion of Dr. Krueger's opinion and declining to discuss the § 404.1527 factors is a violation of Social Security rules and regulations. *See* SSR 96-8p, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with an opinion from a medical source the [ALJ] must explain why the opinion was not adopted."); 20 C.F.R. § 404.1527(c) ("[W]e consider all of the [] factors in deciding the weight we give to any medical opinion."). The Commissioner cites no authority to support that such an omission is harmless. Moreover, unlike *Mays*, the ALJ's RFC is inconsistent with Dr. Krueger's opinion, a point the Commissioner admits in his argument for affirmance. *See* (Doc. 19 at 8) ("Dr. Krueger's opinion was mostly in line with limitations contained in the RFC finding…").

The Commissioner asserts the decision "read as a whole" makes clear the ALJ rejected a portion of Dr. Krueger's opinion—the portion in which he opined Ms. Le Bow "may have" marked limitations in maintaining concentration, persistence, and pace. *Id.* In support of this argument, the Commissioner points to other findings and discussion in the decision that conflict with this portion of Dr. Krueger's opinion. *Id.* Based on this, the Commissioner asks the Court to surmise the ALJ rejected this portion of Dr. Krueger's opinion and provided his rationale in sections scattered throughout the decision. *Id.* The Court cannot come to such a conclusion, as this would constitute an impermissible *post hoc* effort to "salvage [an] ALJ's decision." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (citation omitted). Additionally, such a request asks the Court to contravene the Tenth Circuit's mandate that an ALJ may not "pick and choose through

an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability" without explanation. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

In summary, the ALJ's failure to expressly assign weight to Dr. Krueger's opinion is a harmful error because the ALJ provided no analysis from which the Court could ascertain the assigned weight. More importantly, the ALJ failed to provide an explanation for rejecting a portion of Dr. Krueger's opinion nor did the ALJ demonstrate consideration of the § 404.1527 factors. For these reasons, the Court **RECOMMENDS** Ms. Le Bow's request for remand be **GRANTED**.

## V.    Conclusion

For the previously stated reasons, the Court finds the ALJ failed to expressly weigh and properly analyze Dr. Kreuger's opinion. Because this is a harmful error, the Court will not address Ms. Le Bow's remaining arguments.

Consistent with the foregoing, the Court **RECOMMENDS** that Ms. Le Bow's *Motion to Reverse or Remand Administrative Agency Decision and Memorandum in Support*, (Doc. 15), be **GRANTED** and the case **REMANDED** to the Commissioner for additional proceedings consistent with this opinion.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE